Law Offices of
**MICHAEL W. CARMEL, LTD.**
80 East Columbus Avenue
Phoenix, Arizona 85012-2334
State Bar No. 007356
Telephone: (602) 264-4965
Facsimile: (602)277-0144
E-mail: Michael@mcarmellaw.com

Counsel for Debtors and Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>VERDE VALLEY PLAZA, LLC,<br><br>Debtor. | Chapter 11 Proceedings<br><br>Case No. 2:11-bk-31874-RTBP<br><br>**ORDER APPROVING DEBTOR'S PLAN OF REORGANIZATION DATED AS OF JULY 6, 2012 [DKT. NO. 78]** |

This matter came before the Court pursuant to the "Debtor's Amended Plan of Reorganization Dated as of July 6, 2012" [Dkt. No. 78], a copy of which is attached hereto as **Exhibit "A"** (as may have been amended, the "**Plan**"). Unless otherwise expressly stated in this confirmation order (the **"Confirmation Order"**), all capitalized terms used herein shall have the same meaning as defined in the Plan.

After due deliberation and sufficient cause appearing therefore;

THE COURT FINDS AND CONCLUDES as follows:

**PRELIMINARY MATTERS**

A. The Court approved the Disclosure Statement by Order dated July 9, 2012 [Dkt. No. 81] (the **"Disclosure Statement Order"**).

**JURISDICTION AND VENUE**

B. The Court has jurisdiction over this matter and this bankruptcy case pursuant to 28 U.S.C. § 1334.

C. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and the Court has jurisdiction to enter a final order with respect thereto.

D. Each of the conditions precedent to entry of this Confirmation Order have been satisfied in accordance with the provisions of the Disclosure Statement and the Plan or properly waived in accordance with the provisions of the Disclosure Statement and the Plan.

### STANDARDS FOR CONFIRMATION UNDER 11 U.S.C. § 1129

E. <u>11 U.S.C. § 1129(a)(1).</u> The Plan complies with each applicable provision of the Bankruptcy Code, including the requirements of 11 U.S.C. §§ 1122 and 1123.

F. <u>11 U.S.C. § 1129(a)(2).</u> The Debtor has complied with all applicable provisions of the Bankruptcy Code with respect to the Plan and solicitation of acceptances or rejections thereof.

G. <u>11 U.S.C. § 1129(a)(3).</u> The Plan has been proposed in good faith and not by any means forbidden by law. The Plan achieves a result consistent with the objectives and purposes of the Bankruptcy Code. The Debtor has acted in good faith and consistently with the objectives and purposes of the Bankruptcy Code.

H. <u>11 U.S.C. § 1129(a)(4).</u> No payment for services or costs and expenses in or in connection with the Bankruptcy Case, or in connection with the Plan and incident to the Bankruptcy Case, has been or will be made other than payments that have been or will be authorized by order of the Court. All payments for fees and costs of the Chapter 11 Professionals for services rendered before the Effective Date will be subject to approval by the court.

I. <u>11 U.S.C. § 1129(a)(5).</u> The Debtor has disclosed the identity of the individual who will serve as Plan Administrator (Doug Huberman) (**"Huberman"**). The appointment of Huberman is consistent with the interests of Creditors, Interest Holders, and public policy. No party has raised any objection to Huberman's appointment.

2

9997-004/LEW/TRS/365701
Case 2:11-bk-31874-RTBP    Doc 98-1    Filed 10/15/12    Entered 10/15/12 13:56:10
Desc  Order Approving Debtors Plan of Reorganization Dated As of July 6  2012    Page 2 of 6

J.  <u>11 U.S.C. § 1129(a)(6).</u>  There are no governmental regulatory commissions with jurisdiction, after confirmation of the Plan, over the rates of the Debtors.

K.  <u>11 U.S.C. § 1129(a)(7).</u>  There are no holders of impaired Claims that have not accepted the Plan; therefore, this subsection does not apply.  Even if Section 1129(a)(7) applied to confirmation of the Plan, the Debtor has demonstrated that the Plan is in the best interests of the Creditors.

L.  <u>11 U.S.C. § 1129(a)(8).</u>  The Plan has been accepted by all impaired Classes.

M.  <u>11 U.S.C. § 1129(a)(9).</u>  The Plan provides treatment for Administrative Claims, Priority Tax Claims and Priority Claims that is consistent with the requirements of 11 U.S.C. § 1129(a)(9).

N.  <u>11 U.S.C. § 1129(a)(10).</u>  The Plan has been accepted by the Class of impaired Claims that was entitled to vote on the Plan, without including any acceptance of the Plan by any insider.

O.  <u>11 U.S.C. § 1129(a)(11).</u>  The Plan is feasible within the meaning of 11 U.S.C. § 1129(a)(11).

P.  <u>11 U.S.C. § 1129(a)(12).</u>  The Plan provides that Administrative Claims for fees payable pursuant to 28 U.S.C. § 1930 will be paid on or before the Effective Date (to the extent any are due as of the Effective Date).  After the Effective Date, all fees payable pursuant to 28 U.S.C. § 1930, if any, will be paid in accordance with the terms of the Plan and applicable portions of the Bankruptcy Code.

Q.  To the extent not specifically addressed above and, to the extent applicable, all other provisions of 11 U.S.C. § 1129 have been complied with by the Debtor.

## EXECUTORY CONTRACTS AND PROPERTY TRANSFERS

3

9997-004/LEW/TRS/365701

Case 2:11-bk-31874-RTBP    Doc 98-1    Filed 10/15/12    Entered 10/15/12 13:56:10
Desc  Order Approving Debtors Plan of Reorganization Dated As of July 6   2012    Page 3 of 6

R. Pursuant to the Plan, all Executory Contracts of the Debtor identified in Schedule 1 to the Plan are assumed.

Accordingly, IT IS HEREBY ORDERED as follows:

1. The foregoing findings and conclusions are hereby incorporated into and are a part of this Confirmation Order of the Court.

2. The Plan and each of its provisions together with any and all modifications, amendments, separate agreements, compromises and/or settlements announced on the record at the Confirmation hearing and as contained in this Confirmation Order (whether or not specifically approved herein) shall be part of the Plan, and are approved and confirmed in each and every respect, pursuant to 11 U.S.C. § 1129, pursuant to the terms of this Confirmation Order and shall be binding on all parties under 11 U.S.C. § 1141; provided, however, that, unless otherwise provided in the Settlement Agreement with respect to the Guarantors, if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control.

3. With respect to the Executory Contracts to which Debtor is a party, all Executory Contracts that have not been expressly assumed or rejected as of the date of this Confirmation Order are hereby rejected; and all claims arising from the rejection of such Executory Contracts must be filed within thirty (30) days of the entry of this Confirmation Order.

4. Doug Huberman is hereby appointed as the Plan Administrator and is hereby authorized and directed to take all actions and perform all acts provided for the Plan Administrator under the Plan.

5. The automatic stay in effect in this Chapter 11 Case pursuant to 11 U.S.C. § 362(a) shall continue to be in effect until the Effective Date, at which time the stay shall be dissolved and of no further force or effect.

4

6. Pursuant to 11 U.S.C. §§ 105(a) and 1142, and except as otherwise expressly provided in the Plan, the Plan Documents or this Confirmation Order, the Court shall retain exclusive jurisdiction as provided in the Plan over all matters arising out of, and related to, the Bankruptcy Case and the Plan to the fullest extent permitted by law, including, without limitation, any amendments contained herein, and any disputes of disposition of property if needed.

7. Any liabilities or obligations of the Debtor not disclosed by the Debtor and as to which no Proof of Claim was filed will be forever barred and discharged on the Effective Date and shall be subject to the injunctions imposed herein (and all other applicable provisions of the Plan).

8. The Court shall retain jurisdiction for certain purposes, as provided in the Plan. The Court's retention of jurisdiction shall not, and does not, affect the finality of this Confirmation Order.

9. Prior to any occurrence of the Effective Date, the Debtor is authorized and empowered to take all actions necessary or appropriate to consummate the transactions contemplated by the Plan and the Plan Documents and to perform thereunder.

10. Not later than thirty (30) days after the Effective Date, the Plan Administrator shall file with the Court, a certificate confirming that the Effective Date has occurred, with notice thereof to be given as required by Fed. R. Bankr. P. 2002 (f).

11. All requests for payment of administrative costs and expenses incurred prior to the Effective Date pursuant to Bankruptcy Code §§ 507(a)(1) and 503(b) will be served and filed with this Court in accordance with Bankruptcy Code § 330 no later than twenty-eight (28) days after the Confirmation Date. Any such Claim which is not served and filed within this time period will be forever barred.

5

12. The 14-day stay set forth in Fed. R. Bankr. P. 3020 is waived as there is no just reason for delay. This Confirmation order constitutes a Final Order, and its provisions shall be immediately and fully effective.

13. The Second Amendment to Operating Agreement, a copy of which is attached hereto as **Exhibit "B,"** shall be the controlling Operating Agreement between the Debtor's Members from the date of this Order.

14. The Plan is hereby amended to include a preservation by the Debtor of all claim(s) it has against (1) EB Enterprise, LLC d/b/a The Noodle Bowl; (2) Brian Stoneking; and (3) Horn.

15. The Debtor is authorized to execute and deliver all documents necessary and advisable in the judgment of the Debtor and the Holder of the Class 2 Claim to effect the treatment afforded to the Holder of the Class 2 claim in the First Amended Plan of Reorganization, as further amended and confirmed herein.

DATED AND SIGNED ABOVE.

6

9997-004/LEW/TRS/365701
Case 2:11-bk-31874-RTBP    Doc 98-1    Filed 10/15/12    Entered 10/15/12 13:56:10
Desc  Order Approving Debtors Plan of Reorganization Dated As of July 6   2012    Page 6 of 6